IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CHRISTINA LEAVER, et al.           :
                                    :          CIVIL ACTION
      v.                            :          NO. 16-4053
                                    :
NOBLE ABSTRACT COMPANY, INC.       :

O'NEILL, J.                                              November 10, 2016

## MEMORANDUM

Plaintiffs Christina Leaver and Norman E. Leaver III claim that, over seven years before they filed their complaint, they were deceived into believing they had closed on a real estate purchase. They now bring claims against defendant, Noble Abstract Company, Inc., which allegedly held some of the monies involved in the purchase in escrow. Plaintiffs are suing for breach of contract (Count I), breach of fiduciary duty (Count II), breach of the duty of good faith (Count III), unjust enrichment (Count IV) and conversion (Count V). Defendant moves to dismiss all of plaintiffs' claims, Dkt. No. 3, and plaintiffs respond, Dkt. No. 4. Contrary to defendant's arguments, I find that, on the face of the complaint, plaintiffs' claims are not time-barred and plaintiffs have stated a claim for breach of contract that supports Count I. However, I agree with defendants that Count III is duplicative of Count I and I will grant defendant's motion only as to that claim.

## BACKGROUND

Plaintiffs allege that in 2008 they agreed to buy a property with the intent to rehabilitate it and either hold it as an investment or resell it at a profit. Compl. ¶¶ 9, 12, 17. They entered into the agreement with Ronald Lockhart, who represented himself as a principal of United Real Estate Investment Group, a company that sold distressed properties and partially financed their customers' purchases. Id. at ¶ 13. As part of the agreement with plaintiffs, United Real Estate

would finance $65,000 of the $170,000 purchase price. Id. at ¶ 14. Plaintiffs would make an $18,000 down-payment and deliver $86,616.03 to defendant, Noble Abstract Company, which would hold the money in escrow until closing. Id. at ¶ 14. Plaintiffs attach to their complaint a copy of the check they sent to defendant in the described amount dated December 19, 2008, which was drawn and deposited in defendant's bank account on December 23. Id. at ¶ 15, Ex. A. Plaintiffs believed the real estate sale closed on December 20, 2008. Id. at ¶ 17.

In early 2015, plaintiffs discovered that the sale had never occurred and they did not have title to the property. Id. at ¶¶ 21, 22, 23, 25. Up until that time they had been making monthly payments to United Real Estate to pay the principal of the mortgage and additional costs associated with the escrow for taxes. Id. at ¶ 18. However, they had not made repairs to the property as they had planned because they had decided that, in light of the crash in the real estate market in 2009, the investment would not be profitable. Id. at ¶¶ 19, 20.

In July 2015, within months of learning that they did not have title to the property, plaintiffs filed a claim with the Pennsylvania Attorney General seeking to learn the whereabouts of the escrow deposit they had made with defendant. Id. at ¶ 27. On August 5, in response to an inquiry from the Pennsylvania Insurance Department, defendant stated it was "not holding any money related to this transaction." Id. at ¶ 28. Plaintiffs' counsel wrote to defendant in December with a copy of the check, demanding an explanation. Id. at ¶ 39. Defendant did not respond. Id. at ¶ 41. On July 25, 2016, plaintiffs filed this action.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) permits a court to dismiss all or part of an action for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Typically, "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed

factual allegations," though plaintiff's obligation to state the grounds of entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).  "Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all of the allegations in the complaint are true." Id. (citations omitted).  This "simply calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of" the necessary element.  Id. at 556.  "To prevent dismissal, all civil complaints must set out 'sufficient factual matter' to show that the claim is facially plausible." Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009), quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  The Court also set forth a two part-analysis for reviewing motions to dismiss in light of Twombly and Iqbal:

> First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions.  Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief."

Id. at 210-11, quoting Iqbal, 556 U.S. at 679.  The Court explained, "a complaint must do more than allege the plaintiff's entitlement to relief.  A complaint has to 'show' such an entitlement with its facts." Id., citing Phillips v. Cnty. of Allegheny, 515 F.3d 224, 234-35 (3d Cir. 2008). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" Iqbal, 556 U.S. at 679, quoting Fed. R. Civ. P. 8(a)(2).

## DISCUSSION

I.  **Statute of Limitations**

Defendant argues plaintiffs' claims should be dismissed as time-barred because plaintiffs filed this action seven and a half years after the planned closing date for their real estate purchase.  Defendant argues plaintiffs should have filed their contract claims within four years and their tort claims within two years of the closing date, December 20, 2008, in conformity with Pennsylvania's statutes of limitations.  Dkt. No. 3 at ECF p. 12; 42 Pa. Const. Stat. §§ 5525 (contract), 5524(7) (tort).  But I cannot conclude from the complaint that the supposed closing date tolled the statutes of limitations and therefore it is not apparent that plaintiffs bring their claims outside these time periods.

The statutes of limitations toll at the time the cause of action accrued—here, the time of breach of either the contractual duties or the duty of care—unless the discovery rule or some other defense applies.  42 Pa. Const. Stat. § 5502(a).  At the motion to dismiss stage,

> the law of this Circuit (the so-called "Third Circuit Rule") permits a limitations defense to be raised . . . but only if the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations . . . .  If the bar is not apparent on the face of the complaint, then it may not afford the basis for a dismissal of the complaint under Rule 12(b)(6).

Robinson v. Johnson, 313 F.3d 128, 135 (3d Cir. 2002) (quotations and citations omitted).

It is not clear on the face of the complaint that defendant's alleged breach occurred outside the applicable statutes of limitations.  The complaint suggests that either of two activities could have constituted the breach of defendant's duties in contract or tort:  1) disbursing the money without authorization to do so or 2) refusing to return money held on plaintiffs' behalf.  Compl. ¶¶ 28–30, 36, 37, 40, 45–47, 61, 65, 66.  As to the first activity, plaintiffs do not allege when any disbursement occurred, if it occurred at all.  Although defendant infers from the

complaint that the alleged breach would have occurred at the time of the supposed closing on the property, Dkt. No. 3 at ECF p. 12, this is not a fact that is apparent on the face of the complaint. As to the second activity, if defendant still holds the money, the breach might have occurred when defendant refused to return or account for the money. See, e.g., Compl. ¶ 6 ("Plaintiffs believe . . . [defendant] was and is holding monies in escrow on behalf of Plaintiff. . . ."). According to the complaint, this refusal did not occur until August 5, 2015, when defendant responded to the Pennsylvania Insurance Department Complaint saying it was "not holding any money related to this transaction." Compl. ¶ 28.  Plaintiffs filed this complaint less than a year later, on July 25, 2016.  Therefore, it is not apparent on the face of the complaint that plaintiffs bring their claims outside the applicable statutes of limitations.[1]

In accordance with the pleading standards in the Federal Rules, I will not dismiss any of plaintiffs' claims on the basis of their being time-barred without prejudice to this defense being raised again at future stages of this litigation.

## II. Breach of Contract

Defendant argues plaintiffs fail to state a claim for breach of contract in Count I because plaintiffs merely state, without additional information, that plaintiffs had an "agreement" with defendant and only provide a canceled check as evidence of this agreement.  I disagree. Plaintiffs need only provide sufficient factual allegations to show that their legal claims are

---

[1] Whether plaintiffs can invoke the discovery rule or some other defense to the statute of limitations is beyond the scope of this motion and a failure to plead it does not justify dismissal. A court "may not allocate the burden of invoking the discovery rule in a way that is inconsistent with the rule that a plaintiff is not required to plead, in a complaint, facts sufficient to overcome an affirmative defense." Schmidt v. Skolas, 770 F.3d 241, 251 (3d Cir. 2014) (quotations and citations omitted).  Here, as in Schmidt, "the applicability of the discovery rule is not evident on the face of the complaint but the plaintiff also does not plead facts that unequivocally show that the discovery rule does not apply" and therefore "the statute of limitations cannot justify Rule 12 dismissal." Id.

plausible. Iqbal, 556 U.S. at 678. To state a claim for breach of contract, plaintiffs must allege facts showing the existence of a contract, a breach of a duty imposed by the contract and resultant damages. Jenkins v. Cty. of Schuylkill, 658 A.2d 380, 383 (Pa. Super. Ct. 1995). Plaintiffs do so. They allege an agreement existed between themselves and defendant according to which defendant was to hold their money—$86,616.03—in escrow until the closing of the property sale or to return it if such closing did not occur. The parties intended this money "to cover closing costs and to be disbursed at time of settlement." Id. at ¶ 14. Plaintiffs allege defendant either distributed the money despite no closing occurring or continues to hold the money and refuses to return it to plaintiffs. Therefore, plaintiffs allege sufficient facts to make their claim for breach of contract plausible; I will deny defendant's motion to dismiss Count I.

**III.    Breach of the Implied Duty of Good Faith**

A breach of the duty of good faith, which is the basis of plaintiffs' Count III, does not give rise to a cause of action in contract that is independent of plaintiffs' breach of contract claim in Count I. LSI Title Agency, Inc. v. Evaluation Servs., 951 A.2d 384, 391 (Pa. Super. Ct. 2008). To avoid the legal problem this poses for Count III, plaintiffs argue that their duty of good faith claim arises out of defendant's fiduciary duty in tort rather than out of defendant's contractual obligations. Dkt. No. 4-3 at ECF p. 6. However, Pennsylvania does not recognize an independent claim in tort based on an obligation to act in good faith in these circumstances. See Reginella Constr. Co. v. Travelers Cas. & Sur. Co. of Am., 949 F. Supp. 2d 599, 614 n.2 (W.D. Pa. 2013) (stating that such claims are only allowed against insurers). Therefore, I will dismiss the claim in Count III because it is duplicative of the contract claims in Count I and fails to state a tort claim.

An appropriate Order follows.